

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

RICHARD ISASI; EDDY HANES,

                      Plaintiffs,

      - against -

ATTORNEY GENERAL OF THE UNITED
STATES, STATE OF NEW YORK
GOVERNOR'S; QUEENS COUNTY
DISTRICT ATTORNEY; NEW YORK
STATE DEPARTMENT OF
CORRECTIONAL SERVICES; U.S.
IMMIGRATION AND NATURALIZATION
SERVICE; U.S. MARSHALS SERVICES,

                      Defendants.
------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 6181 (BMC)

**COGAN,** District Judge.

      Plaintiffs Richard Isasi and Eddy Hanes, proceeding *pro se*, filed the instant action pursuant to, *inter alia*, 42 U.S.C. § 1983, alleging that they have been victims of a "racially based conspiracy by all this executive authorities" to interfere with their "legal and regular correspondence" and to prevent plaintiffs from communicating with their "family, friends, lawyers and any person outside of this wall."

      Although the caption on the complaint names both Isasi and Hanes as plaintiffs, it appears that plaintiff Isasi drafted the complaint, as his signature is the only one that appears at the end of the complaint. Moreover, only Isasi moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. To the extent that Isasi is bringing this case on behalf of both himself and Hanes, the Court dismisses, without prejudice, the claims brought on behalf of Hanes. The law governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law . . . and that by a person

representing himself." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (citing Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991)) (internal quotation marks omitted). The statute does not permit "unlicensed laymen to represent anyone else other than themselves." Id.

As to Isasi's claims, the Court will not address them because Isasi has "three strikes" pursuant to 28 U.S.C. § 1915(g). Section 1915(g) bars prisoners from proceeding *in forma pauperis* after three or more previous actions have been dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Isasi has had at least three actions dismissed in this district for failure to state a claim upon which relief may be granted. See e.g., Isasi v. Heinemann, 08-CV-5284 (BMC); Isasi v. NYS DOCS, 05-CV-4079 (ERK); Isasi v. U.S. Governor, 03-CV-2912 (ERK). In addition, Isasi fails to allege a single fact indicating that he faces any danger of physical injury, let alone injury that is imminent and serious. Therefore, the Court denies Isasi's application to proceed *in forma pauperis*, and directs him to pay the $350 filing fee within 14 days. If such payment is not received within 14 days, this action will be dismissed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
December 20, 2012